IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSUE ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-1213 |
| | § | |
| AT&T SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

Defendant AT&T SERVICES, INC. ("Defendant") answers the Original Complaint ("Complaint") of Josue Zavala ("Plaintiff") and respectfully shows as follows:

### INTRODUCTION

1.      Defendant admits that Plaintiff's action is brought under the Americans with Disabilities Act ("ADA") but denies any violations or wrongdoing.

2.      Defendant admits that Plaintiff seeks the relief listed in Paragraph 2 but denies that Plaintiff is entitled to any such relief.

### JURISDICTION AND VENUE

3.      Admit.

4.      Defendant admits that venue is proper but denies that any unlawful employment practices occurred.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Defendant lacks sufficient information to admit or deny.

6.      Defendant admits that the document attached to the Complaint purports to show that Plaintiff received the Notice of Right to Sue on August 25, 2025. To the extent further response is required, denied.

7.      Defendant admits that, based on the document attached to the Complaint, Plaintiff's lawsuit was filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

## PARTIES

8.      Defendant lacks sufficient information to admit or deny whether Plaintiff resides in Tarrant County. Defendant admits that Plaintiff's employment started on April 18, 2014. Beyond that, denied.

9.      Admit.

## STATEMENT OF FACTS

10.      Denied.

11.      Defendant admits that, while working in Texas, Plaintiff was subject to an "all clear" policy wherein technicians would continue dispatching and remain on duty until an all clear release was issued. Beyond that, denied.

12.      Denied.

13.      Denied.

14.      Denied.

15.      Denied.

16.      Denied.

17.      Denied.

18.      Denied.

19. Defendant admits that Plaintiff was terminated but denies that it was due to any protected activity or protected class. To the extent further response is required, denied.

20. Defendant admits that the Separation Proposal references an October 18, 2024 email but denies that any such email was protected activity. Beyond that, denied.

21. Denied.

22. Denied.

23. Denied.

## CAUSES OF ACTION

### COUNT I – DISABILITY DISCRIMINATION (ADA)

24. Defendant incorporates its responses to Paragraphs 1-23 as if fully stated herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

### COUNT II – RETALIATION (ADA)

29. Defendant incorporates its responses to Paragraphs 1-28 as if fully stated herein.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Any allegation not specifically admitted above is hereby denied.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the damages, pre-judgment interest, attorneys'

fees and other costs, other expenses of litigation incurred in pursuit of this action, or any further relief, including but not limited to any relief listed in (A)–(F).

## SPECIFIC AND AFFIRMATIVE DEFENSES

1.     Plaintiff's claims, in whole or in part, are preempted and/or barred by the Labor Management Relations Act.

2.     Plaintiff's claims are subject to the exhaustion and grievance process outlined in the applicable collective bargaining agreement.

3.     Plaintiff's claims—to the extent they are based on any violation of a collective bargaining agreement—are subject to the arbitration provisions outlined in any applicable collective bargaining agreement.

4.     Defendant's actions were based on legitimate, non-discriminatory and non-retaliatory reasons, and Plaintiff cannot meet his burden of establishing pretext.

5.     Plaintiff cannot identify a similarly-situated employee who received preferential treatment under similar circumstances.

6.     Plaintiff's potential recovery is limited by any applicable damages caps.

7.     Plaintiff has failed to timely exhaust administrative remedies and/or comply with the relevant conditions precedent to the extent: (i) his claims are based on events that occurred more than 300 days before the charge; or (ii) his claims raise additional allegations outside the scope of the charge.

8.     Plaintiff's claims are barred, in whole or in part, to the extent that accommodation of Plaintiff's alleged disability would create an undue hardship for Defendant.

9.      Plaintiff has failed to mitigate or attempt to mitigate his damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished by reason thereof.

## CONCLUSION

For these reasons, Defendant respectfully requests that, upon a final determination of this cause, Plaintiff take nothing by his action here, Defendant be discharged with its costs, and Defendant be awarded such other and further relief to which it may show it is justly entitled.

Respectfully submitted,

*/s/ Jennifer Larson Ryback*
Jennifer Larson Ryback
  Bar No. 24071167
  jryback@ccsb.com
Jordan Brownlow Perry
  Bar No. 24120729
  jperry@ccsb.com
**CARRINGTON, COLEMAN, SLOMAN
  & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202
Phone: (214) 855-3000
Fax:    (214) 580-2641

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 5, Federal Rules of Civil Procedure, on December 12, 2025.

*/s/ Jennifer Larson Ryback*
Jennifer Larson Ryback

**DEFENDANT'S ORIGINAL ANSWER**                                                                 **5**