**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

**JOSUE ZAVALA,**
**Plaintiff,**
**v.**
**AT&T SERVICES, INC.,**
**Defendant.**

**Case No. 4:25-cv-01213-O-BP**

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO PRODUCE**
**DOCUMENTS FROM NON-PARTY CWA LOCAL 6201**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW** Plaintiff Josue Zavala, proceeding pro se, and respectfully files this Motion to
Compel Compliance with Subpoena from non-party CWA Local 6201 (the "Union"). In support
thereof, Plaintiff states as follows:

## I. BACKGROUND AND PROCEDURAL HISTORY

1. On March 9, 2026, the Clerk of this Court issued a Subpoena to Produce Documents to
   non-party CWA Local 6201 (Document No. 15). A true and correct copy of the issued
   subpoena is attached hereto as **Exhibit A**.
2. The subpoena commanded the Union to produce seven categories of documents by April
   6, 2026. The subpoena was accompanied by Schedule A, which specifically identified the
   documents requested. A true and correct copy of Schedule A is attached hereto
   as **Exhibit B**.
3. On March 18, 2026, the subpoena was personally served on the Union. On March 30,
   2026, Plaintiff filed a Proof of Service with this Court (Document No. 16). A true and
   correct copy of the Proof of Service is attached hereto as **Exhibit C**.
4. Under Federal Rule of Civil Procedure 45(d)(2)(B), the Union had 14 days from the date
   of service—until April 1, 2026—to serve written objections to the subpoena.
5. The Union did not serve any objections by the April 1, 2026 deadline.
6. On April 6, 2026, the production deadline passed. The Union produced no documents.

## II. THE UNION'S UNTIMELY OBJECTIONS ARE WAIVED

7. On April 9, 2026, Plaintiff received a letter from the Union (dated April 7, 2026) raising
   objections to the subpoena. In that letter, the Union claimed:

   o   The subpoena was not properly served;

- The requests were "irrelevant, vague, unduly broad, and overly burdensome";
- The requests sought "privileged, protected, or deliberative process" documents; and
- They would only produce "Statement of Occurrences" documents, not the full scope of the subpoena.

8. A true and correct copy of the Union's letter dated April 7, 2026 (received April 9, 2026) is attached hereto as **Exhibit D**.

9. Under Federal Rule of Civil Procedure 45(d)(2)(B), the Union had 14 days from service—until April 1, 2026—to serve written objections. The Union failed to do so. As a result, **the Union's untimely objections are waived** and cannot serve as a basis to avoid compliance.

10. Moreover, the Union's claim of improper service is directly contradicted by the Proof of Service (Document No. 16) filed with this Court, which constitutes prima facie evidence of proper service.

## III. PLAINTIFF'S GOOD FAITH EFFORTS TO RESOLVE THE DISPUTE

11. On April 6, 2026, immediately after the production deadline passed, Plaintiff sent an email to the Union demanding production by April 9, 2026, and warning that failure to comply would result in a Motion to Compel. A true and correct copy of that email is attached hereto as **Exhibit E**.

12. On April 9, 2026, Plaintiff sent a second good-faith email to the Union. That email:

- Rejected the Union's limited offer as insufficient;
- Informed the Union that their objections were untimely and waived;
- Demanded full compliance with the subpoena; and
- Gave the Union an additional 8 days (until April 17, 2026) to produce all requested documents.

13. A true and correct copy of Plaintiff's second good-faith email, sent April 9, 2026 at 11:59 PM, is attached hereto as **Exhibit F**.

14. On April 13, 2026, the Union responded by email. In that response, the Union:

- Acknowledged receipt of Plaintiff's emails;
- Confirmed they had sent their objection letter; and
- **Did not agree to produce any documents.**

15. A true and correct copy of the Union's April 13, 2026 email is attached hereto as **Exhibit G**.

16. The Union's April 13, 2026 email confirms they received Plaintiff's multiple good-faith demands but refused to comply with the subpoena.

17. The extended deadline of April 17, 2026 has passed. To date, the Union has produced no documents.

## IV. LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(d)(2)(B)(i), if a person commanded to produce documents fails to comply with a subpoena, the issuing party may move the court for an order compelling production.

Under Federal Rule of Civil Procedure 45(g), the court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.

## V. ARGUMENT

### A. The Union Failed to Serve Timely Objections and Has Waived Any Right to Object

Rule 45(d)(2)(B) requires written objections to be served within 14 days. The Union served none by April 1, 2026. Their letter dated April 7, 2026 (received April 9, 2026) is untimely. Untimely objections are waived. The Union cannot now raise objections to avoid compliance.

### B. The Union Has Failed to Produce Any Documents Despite Multiple Deadlines

The subpoena commanded production by April 6, 2026. Plaintiff gave the Union two additional deadlines: April 9, 2026, and April 17, 2026. The Union has produced nothing. Their April 13, 2026 email confirms they received Plaintiff's demands but chose not to comply.

### C. The Union's Partial Offer Does Not Satisfy the Subpoena

Even if considered, the Union's offer to produce only "Statement of Occurrences" documents does not satisfy the full scope of the subpoena. The subpoena commands seven categories of documents. The Union has refused to produce any of them. Partial compliance is not compliance.

### D. The Court Should Compel Compliance and Impose Sanctions

The Union has willfully failed to comply with a valid subpoena issued by this Court. Under Rule 45(g), the Court may hold the Union in contempt. Plaintiff respectfully requests that the Court order the Union to produce all responsive documents within 7 days and impose coercive daily fines until compliance is achieved.

## VI. CERTIFICATE OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7.1, Plaintiff certifies that he has in good faith conferred and attempted to confer with the Union to obtain compliance without court action.

- On April 6, 2026, Plaintiff emailed the Union demanding production by April 9, 2026.
- On April 9, 2026, Plaintiff emailed the Union a second time, extending the deadline to April 17, 2026.

- The Union responded on April 13, 2026, confirming receipt but refusing to produce documents.
- The Union ignored Plaintiff's April 9, 2026 email entirely and never responded to the extended deadline.

Further discussion would be futile, as the Union has already stated their position and will not comply.

## VII. CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **COMPEL** CWA Local 6201 to produce all documents requested in the subpoena within 7 days of the Court's order;
2. **ORDER** that if CWA Local 6201 fails to comply with the Court's order, it shall pay coercive daily fines of **$100 per day** until full compliance is achieved;
3. **AWARD** Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Josue Zavala*

**Josue Zavala, Pro Se Plaintiff**
1113 Churchill Rd.
River Oaks, TX 76114
(619) 917-7416
JZavala.cwa@gmail.com

**Dated:** April 20, 2026

EXHIBIT A

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| Josue Zavala | ) |
| *Plaintiff* | ) |
| v. | ) |
| AT&T Services, Inc. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   4:25-cv-01213-O-BP

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  
CWA Local 6201
421 S Adams St, Fort Worth, TX 76104
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: By U.S. Mail or email to: Josue Zavala, 1113 Churchill Rd., River Oaks, TX 76114 | Date and Time: 04/06/2026 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/09/2026

| *CLERK OF COURT* | OR | |
|---|---|---|
| s/B. Boles | | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Josue Zavala, Plaintiff , who issues or requests this subpoena, are:

Josue Zavala, Pro Se / 1113 Churchill Rd., River Oaks, TX, 76114 / JZavala.cwa@gmail.com / 619-917-7416

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:25-cv-01213-O-BP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

**SCHEDULE A**
**DOCUMENTS TO BE PRODUCED**

**PURPOSE AND RELEVANCE**

Plaintiff Josue Zavala brings claims against AT&T alleging discrimination in his termination and in the enforcement of employment policies. CWA Local 6201 represented Plaintiff in grievances related to his termination and, in the course of that representation, obtained and created documents, notes, communications, and other materials containing facts and information relevant to Plaintiff's discrimination claims. These documents are not available from any other source and are sought solely for their evidentiary value in this action.

**DEFINITIONS**

"Document" means any written, printed, typed, recorded, or graphic matter of any kind or character, including the original and all non-identical copies, whether located at the premises of CWA Local 6201 or its officers, stewards, representatives, or agents, including but not limited to: correspondence, emails, text messages, memoranda, notes, grievance forms, step responses, arbitration briefs, settlement agreements, meeting minutes, recordings, transcripts, reports, analyses, contracts, side letters, and electronically stored information.

"Concerning" or "relating to" means documents that mention, refer to, reflect, or pertain to the subject identified.

**DOCUMENTS REQUESTED**

1. **All grievance records concerning Plaintiff Josue Zavala**, including but not limited to:
   - Grievance forms filed by or on behalf of Plaintiff
   - Step responses, grievance hearing notes, and arbitration briefs
   - Settlement agreements, withdrawal forms, or closure documents
   - All notes, emails, or memoranda concerning any grievance related to Plaintiff's suspension, discipline, termination, work hours, overtime, or any other employment matter
2. **All notes and records of meetings where Plaintiff was discussed**, including but not limited to:
   - Notes, recordings, or transcripts of labor-management meetings
   - Step meetings or grievance hearings
   - Union executive board or steward meetings
   - Any meeting where Plaintiff's name, employee ID, or grievance was mentioned
3. **All correspondence concerning Plaintiff**, including but not limited to:
   - Emails, letters, or text messages between CWA Local 6201 and AT&T management
   - Communications with union legal counsel or representatives
   - Any correspondence referring to Plaintiff's employment, discipline, or termination
4. **All communications between Plaintiff and any union representative**, including but not limited to:
   - Notes, emails, letters, or text messages

- o Records of phone calls or in-person meetings
- o Any communication concerning Plaintiff's employment, grievances, or representation

5. **All collective bargaining agreement provisions and related documents concerning shift-end and overtime policies**, including but not limited to:

- o CBA articles, sections, or appendices addressing "All Clear," "Work Until Released," or "Incidental Overtime"
- o Side letters, MOUs, or past practice documents interpreting these provisions

6. **All documents concerning the union's representation of Plaintiff**, including but not limited to:

- o Assessments of whether to pursue grievances on Plaintiff's behalf
- o Legal consultations or advice regarding Plaintiff's grievances
- o Internal discussions or decisions concerning Plaintiff's termination or discipline
- o Any document reflecting a duty of fair representation analysis

7. **All documents concerning training or guidance provided to union representatives**, including but not limited to:

- o Training materials, manuals, or instructions regarding grievance handling
- o Guidance on representing members in discipline or termination matters

EXHIBIT C

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:25-cv-01213-O-BP

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* CWA Local 6201

on *(date)* 03/10/26

☑ I served the subpoena by delivering a copy to the named person as follows:

Monica Gipson Vice President CWA Local 6201 on *(date)* 03/18/26 ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 03/26/26

M. Shane Wilburn
*Server's signature*

Michial Shane Wilburn
*Printed name and title*

5704 Denise Dr Haltom City, Tx
*Server's address*
76148

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |



# Communications

### Workers of America

**LOCAL 6201**

(AFFILIATED WITH AFL-CIO)

421 SOUTH ADAMS
FORT WORTH, TEXAS 76104-1072
(817) 332-3186

April 7, 2026

Josue Zavala
1113 Churchill Rd.
River Oaks, TX 76114

Dear Josue Zavala,

We are writing in response to the subpoena delivered to CWA Local 6201's office on March 18, 2026. We object to this subpoena as it was not properly served and is therefore invalid. Additionally, we object to each request as irrelevant to the lawsuit against AT&T, as well as being vague, unduly broad, and overly burdensome. We further object to these requests as they seek documents that are privileged, include protected information or work product, and request confidential information or documents that were part of the deliberative process.

We specifically object to your requests as follows:

Request No. 1: The request is irrelevant, vague, unduly broad, and overly burdensome. It seeks documents that are privileged, protected, or part of the deliberative process.

Request No. 2: The request is irrelevant, vague, unduly broad, and overly burdensome. It seeks documents that are privileged, protected, or part of the deliberative process.

Request No. 3: The request is irrelevant, vague, unduly broad, and overly burdensome. It seeks documents that are privileged, protected, or part of the deliberative process.

Request No. 4: The request is irrelevant and overly burdensome, as it requests documents already in Josue Zavala's possession.

Request No. 5: The request is irrelevant, vague, unduly broad, and overly burdensome. It seeks documents that are privileged, protected, or part of the deliberative process. The collective bargaining agreement can be accessed at https://cwa6201.org.

**Page 1 of 2**

# *Communications*

LOCAL 6201



## *Workers of America*

(AFFILIATED WITH AFL-CIO)

421 SOUTH ADAMS
FORT WORTH, TEXAS 76104-1072
(817) 332-3186

Request No. 6: The request is irrelevant, vague, unduly broad, and overly burdensome. It seeks documents that are privileged, protected, or part of the deliberative process.

Request No. 7: The request is irrelevant, vague, unduly broad, and overly burdensome. It seeks documents that are privileged, protected, or part of the deliberative process.

While maintaining the aforementioned objections, we are willing to furnish all Statement of Occurrences pertaining to your disciplinary actions and termination. Should this satisfy your request, please confirm via mail/email, and we will promptly provide a date for pickup from the Local office.

Sincerely,

Monica Gipson
Vice-President/Acting President

MG/jkw

EXHIBIT E

 Gmail

Josue Zavala <jzavala.cwa@gmail.com>

## Subpoena Compliance - Zavala v. AT&T Services, Inc. - Production Deadline Passed

**Josue Zavala** <jzavala.cwa@gmail.com>                                          Mon, Apr 6, 2026 at 3:14 PM
To: cwa6201pres@gmail.com
Cc: Monica Gipson <gipsoncwa6201@gmail.com>, Jose Lozano <Jlozano@cwa-union.org>
Bcc: Josue Zavala <jzavala.cwa@gmail.com>, J Z <jdzvsg@yahoo.com>

4/6/2026

Dear local President Loren Williams,

This email follows the subpoena served on CWA Local 6201 on March 18, 2026, commanding production of documents by April 6, 2026. The production deadline has now passed, and I have received no documents from the union.

Please produce all responsive documents by close of business on April 9, 2026 or contact me immediately to explain any issues preventing compliance.

If I do not receive a response or production by that date, I will have no choice but to file a Motion to Compel with the court, seeking an order compelling compliance and requesting costs and sanctions.

Thank you for your prompt attention to this matter.

Sincerely,

Josue Zavala

EXHIBIT F

 Gmail

Josue Zavala <jzavala.cwa@gmail.com>

## Final Notice to Comply with Subpoena - Zavala v. AT&T Services, Inc., Case No. 4:25-cv-01213-O-BP

1 message

**Josue Zavala** <jzavala.cwa@gmail.com>                                    Thu, Apr 9, 2026 at 11:59 PM
To: cwa6201pres@gmail.com
Cc: Derrick Osobase <dosobase@cwa-union.org>, Monica Gipson <gipsoncwa6201@gmail.com>, Jose Lozano <Jlozano@cwa-union.org>
Bcc: J Z <jdzvsg@yahoo.com>, Josue Zavala <jzavala.cwa@gmail.com>, Vicente Barron <vbarron.cwa@gmail.com>

Dear Local President Loren Williams,

This letter follows the Subpoena to Produce Documents that was served on CWA Local 6201 on March 18, 2026, and your letter of April 9, 2026.

The subpoena commands the production of the documents listed in Schedule A. To date, you have not produced these documents.

Please produce all responsive documents as commanded by the subpoena by email to me at JZavala.cwa@gmail.com no later than April 17, 2026.

If I do not receive the documents by that date, I will have no choice but to file a Motion to Compel with the federal court. A failure to comply with a court order after that point could result in the court imposing sanctions, including daily fines.

This email is my good-faith effort to resolve this matter without court action.

Sincerely,

Josue Zavala
Pro Se Plaintiff
619-917-7416

# EXHIBIT G

 Gmail

Josue Zavala &lt;jzavala.cwa@gmail.com&gt;

## Subpoena Compliance - Zavala v. AT&T Services, Inc. - Production Deadline Passed
2 messages

**Josue Zavala** &lt;jzavala.cwa@gmail.com&gt;        Mon, Apr 6, 2026 at 3:14 PM
To: cwa6201pres@gmail.com
Cc: Monica Gipson &lt;gipsoncwa6201@gmail.com&gt;, Jose Lozano &lt;Jlozano@cwa-union.org&gt;
Bcc: Josue Zavala &lt;jzavala.cwa@gmail.com&gt;, J Z &lt;jdzvsg@yahoo.com&gt;

4/6/2026

Dear local President Loren Williams,

This email follows the subpoena served on CWA Local 6201 on March 18, 2026, commanding production of documents by April 6, 2026. The production deadline has now passed, and I have received no documents from the union.

Please produce all responsive documents by close of business on April 9, 2026 or contact me immediately to explain any issues preventing compliance.

If I do not receive a response or production by that date, I will have no choice but to file a Motion to Compel with the court, seeking an order compelling compliance and requesting costs and sanctions.

Thank you for your prompt attention to this matter.

Sincerely,

Josue Zavala

**Monica Gipson** &lt;gipsoncwa6201@gmail.com&gt;        Mon, Apr 13, 2026 at 3:10 PM
To: Josue Zavala &lt;jzavala.cwa@gmail.com&gt;
Cc: cwa6201pres@gmail.com, Jose Lozano &lt;Jlozano@cwa-union.org&gt;

Dear Josue Zavala,

Please let this serve as notice that we responded to your subpoena via a certified letter dated April 7, 2026. Our records indicate that the letter was delivered to you on April 9, 2026.

Best regards,

Monica Gipson
CWA Local 6201
Vice-President
817 332-3186
817 372-6709

[Quoted text hidden]