IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSUE ZAVALA, | § | |
| | § | |
| *Plaintiff*, | § | CIV. A. NO. |
| | § | 4:25-CV-01213-O-BP |
| | § | |
| v. | § | |
| | § | |
| AT&T SERVICES, INC., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

CWA Local 6201's *Rule 12(b)(6) Motion to Dismiss* is before the Court. Plaintiff Josue Zavala's sues CWA Local 6201 under Section 301 of the Labor Management Relations Act. 29 U.S.C. § 185. Zavala contends that Local 6201 breached the duty of fair representation in grievances resulting from his suspension and termination from Defendant AT&T Services, Inc. [PLAINTIFF'S FIRST AMENDED COMPLAINT, ECF 30 ("FAC") ¶¶ 13, 273]

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That requires more than "threadbare recitals of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must take all factual allegations as true—and view them in the plaintiff's favor—but are "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

Exhibits to a pleading are "part of the pleading for all purposes." FED. R. CIV. P. 10(c); *see also U.S. ex. Rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004)(explaining that exhibits attached to pleadings control over contradictory allegations). So, the court's review includes well-pleaded factual allegations, documents attached to the complaint, and documents attached to the motion to dismiss that are central to and referenced in the claim. *See Lone Star Fund V, LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

To state a plausible claim for DFR breach, Zavala must plead non-conclusory facts showing that Local 6201's conduct was "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Conduct is arbitrary only when, "in light of the factual and legal landscape at the time," it falls "so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991). Bad faith requires "substantial evidence of fraud, deceitful action, or dishonest conduct." *Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Emps. of Am. v. Lockridge*, 403 U.S. 274, 300 (1971)(internal quotation omitted); *accord Demetris v. Transp. Workers Union of Am., AFL-CIO*, 862 F.3d 799, 808 (9th Cir. 2017). Neither negligence nor a misjudgment suffices for bad faith or arbitrary conduct. *Landry v. The Cooper/T. Smith Stevedoring Co., Inc.*, 880 F.2d 846, 852 (5th Cir. 1989).

An employee has no absolute right to have a grievance taken to arbitration. *Vaca*, 386 U.S. at 191; *see also Del Casal v. Eastern Airlines, Inc.*, 634 F.2d 295, 300 (5th Cir. 1981)(explaining that a union may refuse to prosecute a grievance lacking merit). Unions have "considerable discretion" in grievance handling and "may consider the interests of all its members when deciding whether or not to press the claims of an individual employee." *Seymour v. Olin Corp.*, 666 F.2d 202, 208 (5th Cir. Unit B 1982), *disapproved on other grounds by Bowen v. U.S. Postal Serv.*, 459 U.S. 212, 220 (1983).

Having heard the parties' arguments, and having reviewed the Plaintiff's well-pleaded allegations, the documents attached to the First Amended Complaint, and the documents attached to the motion to dismiss that are referenced in and central to Plaintiff's claims, the Court CONCLUDES that Plaintiff has not alleged a plausible claim for breach of the duty of fair representation against Local 6201.

Accordingly, the Court GRANTS Local 6201's motion to dismiss and ORDERS that Local 6201 is entitled to judgment as a matter of law on the LMRA Section 301 claim. Local 6201's costs are taxed against Plaintiff.

**SO ORDERED.**

SIGNED September ___, 2026

______________________________

**JUDGE PRESIDING**