**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOSUE ZAVALA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01213-O-BP** |
| | § | |
| **AT&T SERVICES, INC., and COMMUNICATIONS WORKERS OF AMERICA, LOCAL 6201** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**EXHIBIT 1**

**PLAINTIFF'S PROPOSED SUR-REPLY IN OPPOSITION TO DEFENDANT CWA LOCAL 6201'S REPLY IN SUPPORT OF MOTION TO DISMISS**

**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOSUE ZAVALA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01213-O-BP** |
| | § | |
| **AT&T SERVICES, INC., and** | § | |
| **COMMUNICATIONS WORKERS** | § | |
| **OF AMERICA, LOCAL 6201** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT CWA LOCAL 6201'S REPLY IN SUPPORT OF MOTION TO DISMISS**

TO THE HONORABLE COURT:

**Use of Generative Artificial Intelligence**

The undersigned used a generative artificial intelligence tool in researching, outlining, and drafting this brief. The undersigned reviewed the full brief, including factual statements and legal arguments, and verified all citations, quotations, and legal authorities.

Plaintiff Josue Zavala files this Sur-Reply to address the new arguments raised for the first time in Defendant CWA Local 6201's Reply in Support of Motion to Dismiss (ECF No. 42).

**I. The Union Improperly Asks the Court to Resolve Disputed Facts at the Pleading Stage.**

The Union's Reply does not argue that Plaintiff failed to state a claim. It argues that the Union's conduct was justified. It asks the Court to accept the Union's version of events: that it investigated adequately, that it made a reasoned judgment, that further investigation was unnecessary, and that Plaintiff engaged in "self-help."

Those are merits defenses. They may be appropriate at summary judgment or at trial. They are not appropriate on a motion to dismiss.

At the Rule 12(b)(6) stage, the Court must accept Plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Union cannot obtain dismissal by asking the Court to accept its own account of what it did—or failed to do—without any evidence.

The Union's Reply does not dispute that Plaintiff has alleged a failure to investigate. It disputes whether that failure matters. That is a merits question, not a pleading question.

**II. The Union's Reply Is Silent on the Failure to File the Initial Arbitration Complaint.**

The Union's Reply does not address Plaintiff's allegation that Local 6201 failed to file the initial arbitration complaint. *See* First Amended Complaint ("FAC") ¶¶ 23–31, 234, 244; ECF No. 41 at 21 (Section IV.P).

The CWA Internal Appeals Procedures provide that, following the Local's decision concerning arbitration, either the Local or the grievant may initiate the applicable complaint process. CWA Internal Appeals Procedures § III. The procedures further provide that if the Local does not file the initial arbitration complaint, the Local's right to file a complaint or appeal at any level is extinguished. *Id.*

Plaintiff alleges that Local 6201 did not file the initial arbitration complaint. Plaintiff further alleges that the Local did not inform him of any intention to decline filing, did not explain the procedural consequences of that decision, did not keep him informed concerning the status of the Local's rights within the appeals process, and did not perform the basic procedural functions necessary to preserve or advance the grievance. FAC ¶¶ 23–31, 234, 244.

That is Local 6201's own conduct. It is not the conduct of District 6. It is not the conduct of CWA National. It is the Local's failure to perform its own procedural responsibility under the Union's own rules.

The Union cannot obtain dismissal by ignoring the very allegation that gives rise to its liability. Its silence on this point is significant.

**III. The Union's Agency Argument Mischaracterizes Plaintiff's Position.**

The Union argues that Plaintiff "conceded" the agency issue because Plaintiff stated that he does not need to rely on an agency theory. ECF No. 42 at 10. That is not a concession. It is the opposite.

Plaintiff stated that he does not need an agency theory because Local 6201 is directly liable for its own conduct. ECF No. 41 at 16. The Union's argument depends entirely on the premise that Plaintiff has not identified any conduct by Local 6201. That premise is false.

As set forth in Section II above, Plaintiff specifically alleges that Local 6201 failed to file the initial arbitration complaint—a procedural obligation that belonged to the Local under the CWA Internal Appeals Procedures. That is Local 6201's own conduct. It does not depend on any agency relationship, because Plaintiff is not seeking to hold Local 6201 responsible for anyone else's decisions.

The Union's Reply does not address this allegation. It does not deny that the Local failed to file. It does not explain why that failure was proper. It simply repeats the argument that Plaintiff cannot hold Local 6201 liable for CWA's decisions. But Plaintiff is not attempting to do that. Plaintiff is holding Local 6201 liable for its own failure to perform its own procedural obligations.

That is not an agency theory. That is direct liability. The agency argument is a distraction, and it

does not defeat Plaintiff's claim.

**IV. The Union's Reply Reframes the Dispute as "Plaintiff's Contract Interpretation" While Never Stating Its Own.**

The Union's Reply repeatedly refers to "Plaintiff's contract interpretation." *See, e.g.*, ECF No. 42 at 5, 8–9. But the Union never states its own interpretation of the contract. This framing is new.

The original motion did not argue that the contract interpretation question was irrelevant. The Reply now argues that Plaintiff's contract arguments are "beside the point" because the issue was insubordination. But the Union never states its own interpretation of the contract.

The Union never explains what investigation it conducted. It never identifies what documents it reviewed, what witnesses it interviewed, or what contractual analysis it performed. It never states what position it took on the CBA provisions Plaintiff identified, or why it concluded those provisions did not support his grievance.

A union may disagree with a member's contract interpretation after investigating it. A union cannot claim its conduct was a "reasoned judgment" when it never did the work necessary to reach one. *See Vaca v. Sipes*, 386 U.S. 171, 191 (1967) (a union may not "arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion").

**V. The "Imperfect Investigation" Cases Do Not Apply Where No Investigation Occurred.**

The Union relies on *Landry* and *Turner* for the proposition that an imperfect investigation does not breach the duty of fair representation. *Landry v. Cooper/T. Smith Stevedoring Co.*, 880 F.2d

846, 852–53 (5th Cir. 1989); *Turner v. Air Transp. Dispatchers' Ass'n*, 468 F.2d 297, 299–300 (5th Cir. 1972).

Those cases involved unions that actually investigated. In *Turner*, the union listened to the employee's arguments, discussed them, and responded with the union's own position. 468 F.2d at 299–300. In *Landry*, the union's investigation was "less than enthusiastic" and "not perfect"—but it existed. 880 F.2d at 852–53.

Plaintiff alleges that Local 6201 did not meaningfully investigate at all. He alleges that the Local did not interview relevant witnesses, did not request additional documentary evidence from AT&T, and did not meaningfully address the contractual provisions Plaintiff identified. FAC ¶¶ 241–42, 273.

Doing nothing is not an imperfect investigation. It is no investigation. A union's duty to investigate presupposes that an investigation occurs. *Landry* and *Turner* do not stand for the proposition that a union may do nothing and still satisfy its duty.

**VI. Silence Is Not Notification: Plaintiff's Conduct Was Not "Self-Help."**

The Union argues that Plaintiff engaged in self-help by ending his workday without a Release Page. ECF No. 42 at 8–9. But the absence of a Release Page is not an assignment, not a schedule change, and not notification.

Appendix J of the Collective Bargaining Agreement provides that the Company "will determine and post the work schedules" and that work schedules "are subject to change, with forty-eight (48) hours notice to the employee." Appendix J § 1. The Agreement further provides that if an

employee is notified less than twelve hours before the originally scheduled start time of a change in work hours, the employee receives two hours of pay at the straight-time rate. Appendix J § 2.

The contract therefore places the responsibility for determining schedules, posting schedules, and providing notice of changes on the Company. It does not place that responsibility on the employee.

Plaintiff did not refuse to work. He asked to be notified when additional work was required. His October 16, 2024 email stated: "If you have any unexpected work hour changes or new overtime assignments, please inform me on a day-to-day basis." FAC Ex. 4. His October 18, 2024 email stated that he "will not receive any daily notice of any unexpected additional hours I am expected to work" and that he had been "given a blanket directive to follow a manager created verbal directive instead as a term of employment." FAC Ex. 5.

Those communications were requests that the Company follow the scheduling and notice provisions of the contract. They were not refusals to work. The Union's characterization of Plaintiff's request as "insubordination" or "self-help" is inconsistent with the plain language of the emails and with the contract.

**VII. Conclusion.**

The Union's Reply raises new arguments that were not in its original motion. Those arguments are merits defenses that cannot be resolved at the pleading stage.

The Union is silent on Plaintiff's allegation that Local 6201 failed to file the initial arbitration complaint—the clearest example of Local-level conduct and the clearest rebuttal to the Union's

agency argument. The Union never states its own contract interpretation, because it never performed the investigation necessary to form one. And the Union's reliance on "imperfect investigation" cases fails because Plaintiff alleges no investigation at all.

Plaintiff has plausibly alleged that Local 6201 breached its duty of fair representation. The motion to dismiss should be denied.

Respectfully submitted,

/s/ *Josue Zavala*

Josue Zavala
Pro Se Plaintiff
1113 Churchill Road
River Oaks, Texas 76114
(619) 917-7416
Jdzvsg@yahoo.com

Dated: October 19, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2026, I served a copy of this sur-reply on all counsel of record via the Court's CM/ECF system.

/s/ *Josue Zavala*
Josue Zavala